Hqrjtblower, C. J.
The affidavit referred to in the transcript of the justice, is among the papers sent up here with this writ; and is perhaps, substantially such an affidavit as is required by the first section of the supplement to the act directing the mode of entering judgments upon bonds and warrants of attorney, passed the 19th .February, 1829. Elm. Dig. 46.
It is very possible the justice, by whom this judgment was entered, has been led into an error by what was said by me in English v. Sharpe. 3 Green 457; in which, speaking of the provisions of that section, I remarked, that the act evidently embraced the courts for the trial of small causes. My meaning was, as a careful reading of the case will show, that the affidavit required, by the act constituting courts for the trial of small causes, Elm. Dig. 279, sec. 18, must be in conformity with the directions given in the first section of the supplement above mentioned, Elm. Dig. 46. It was not rny intention, nor the intention of my brethren, who concurred with me in the case of English v. Sharpe, to say that all the provisions of the act, directing the mode of entering judgments upon bonds with warrants of attorney, and of the supplements to that act, embraced courts for the trial of small causes. It is only necessary to read the original act, (Elm. Dig. 45) to-see that it is confined to judgments on bonds with warrants of attorney, to be entered up in the supreme court or court of common pleas; and was never intended to be executed in the court for the trial of small causes. That act was passed the 24th of February, 1820, and by referring to the ninth section of it, to be found in Rev. Laws 687, which is a repealing clause, it will be seen that there had *310 been prior legislation on the subject, in some of which an affidavit had been required, and. its contents or character prescribed. Accordingly in the eighteenth section of the act constituting courts for the trial of small causes, Elm. Dig. 279, which was passed the 12th February, 1818, it is directed that if judgment is entered by confession before a justice, it shall have no effect against any other person than the defendant in such action, unless such affidavit should be first made as is directed in the first and third sections of the act to prevent fraudulent confessions of judgments, passed the 29th of January, 1817. That act was repealed by the ninth section of the act of 1820, Rev. Laws 685, and hence a question arose, whether, notwithstanding that repeal, the eighteenth section of the justice’s court law, did not still require such an affidavit to be made as had been required by the act of 1817. This doubt was resolved or rather removed, as was remarked by this court in English v. Sharpe, by the supplement of February 1829, Elm. Dig. 46, by which it was enacted, that no judgment should be entered in any court of record, on a warrant of attorney to confess judgment, or by the defendant appearing in open court, and confessing the same, unless such affidavit should first be made, as is therein directed. This section evidently extends to confessions of judgments injustice’s courts, and therefore repeals so much of the eighteenth section of the small cause act, as required such affidavits as had been prescribed by the act of 1817. This was all the court meant to say in English v. Sharpe. They did not mean to be understood, that the act directing the mode of entering up judgments on bonds and warrants of attorney, extended to justice’s courts; but only, that when judgments were entered by confession in the manner, in which by law such judgments may be entered in that court, they must be accompanied by such affidavits as are specified in the first section of the supplement in Elm. Dig. 46.
How then may a judgment by confession be entered in a court for the trial of small causes ? I answer, only by the defendant appearing in open court, upon the return of process, or after process has been served on him, or by voluntarily appearing, and consenting that an action may be entered, in the manner mentioned in the eighteenth section of the small cause act, Elm. Dig. *311 279, and then confessing judgment in open court. I do not mean however to say, that the defendant may not, in either case or in either of the above modes of commencing an action, appear by an attorney, authorized by a special warrant for that purpose and confess a judgment. It will b§ time enough to settle that question when it fairly arises; but in such case I think the justice should require legal proof of the due execution of the warrant, 2 Archb. pr. tit. Judgment upon a warrant of attorney.
It is however, sufficient to say, in this case there was no appearance in court by the defendant, either in person or by attorney. No process had been issued ; nor had any suit been entered in the manner mentioned in the eighteenth section of the act, Elm. Dig. 279. Nor was there any evidence that the warrant of attorney had been executed by the defendant. It was entirely an ex parte proceeding wholly unauthorized by the act.
It may properly be remarked, that even if a judgment may be entered up in a justice’s court, by special warrant of attorney, either under the statute, or as at common law, it must be by warrant of attorney to some other person, and not to the court itself. A warrant of attorney is an authority to the attorney to do that which the constituent himself might do if he were personally present: namely, appear to the action of the plaintiff and confess judgment to him for the sum in question. But how can the justice, who himself constitutes the court, be the attorney for the defendant, and in his place confess a judgment before himself and in his own court, and then enter up that judgment upon his own confession as attorney for the defendant. Shall he say that he appeared before himself and confessed judgment to the plaintiff for so much ? Such a proceeding is without precedent, and contrary to all analogy in legal practice.
The judgment in this case must be reversed.